UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH ADAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BOE INVESTMENTS LLC, d/b/a NORTH RIDGE APARTMENTS, a Washington Limited Liability Company, and DOUG BOE and RONDA BOE, a married couple,<br><br>　　　　　Defendants. | NO. 1:19-CV-3048-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants Boe Investments, LLC, and Doug and Ronda Boe's Rule 12(b)(6) Motion to Dismiss. ECF No. 5. This matter was heard with oral argument on July 11, 2019. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 5) is **DENIED**.

//

//

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

## BACKGROUND

On March 15, 2019, Plaintiff Sarah Adams initiated this action against Defendants Boe Investments LLC, d/b/a North Ridge Apartments, and Doug and Ronda Boe under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), Pub. L. No. 100-430, 102 Stat. 1626 (1988). ECF No. 1 at ¶ 1. Plaintiff alleges various violations of the FHA, which bars housing discrimination against people with disabilities. Plaintiff also asserts a claim against Defendants under the Washington Privacy Act ("WPA"), RCW 9.73 *et seq*. *Id*.

In the instant motion, Defendants move to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Plaintiff timely filed a response to Defendants' motion to dismiss on June 6, 2019. ECF No. 6.

## FACTS

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the instant motion only. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff is a resident of "North Ridge Apartments," which is located at 2207 N. Airport Rd., Ellensburg, Washington. ECF No. 1 at ¶ 14. The property is owned by Defendant Boe Investments, LLC, and managed by Defendants Doug and Ronda Boe. *Id*.

On September 21, 2018, Plaintiff informed Defendants of her need for a reasonable accommodation for an emotional support animal. *Id*. at ¶ 16. Defendant Doug Boe allegedly stated that he did not want dogs on the property so he would "fight [Plaintiff] every step of the way on it." *Id*.

On October 2, 2018, Plaintiff sent Defendants a follow-up email, reiterating her need for an emotional support animal and requesting information about the requirements for obtaining a reasonable accommodation. Id. at ¶ 17. In response to Plaintiff's email, Defendants inquired into the nature of Plaintiff's disability and specifically asked Plaintiff to clarify whether "you are now saying you are mentally disabled or are you saying you are physically disabled?" *Id*. at ¶ 18. Plaintiff explained in writing that she was requesting an emotional support animal related to her psychiatric condition. *Id*. at ¶ 19. At some point thereafter, Defendants informed Plaintiff that she was required to provide a letter from a "Licensed Mental Health Provider (LMHP) or Licensed Psychologist (PY)." *Id*. at ¶ 20. Defendants also demanded that Plaintiff allow them to directly contact her healthcare providers to further inquire into her medical history, and allegedly retaliated against Plaintiff by threatening her with a "$100 fine for every instance I find a pet" at the property. *Id*. at ¶¶ 21-22.

On November 13, 2018, Plaintiff submitted a formal, written reasonable accommodation request to Defendants, which stated that Plaintiff was a person

with a disability who requires an emotional support animal. *Id*. at ¶ 23. Plaintiff also provided a signed letter from her treating physician, which stated that she is an individual with a disability and an emotional support animal was "necessary to afford [Plaintiff] the opportunity to live independently, and to use and enjoy her dwelling fully." *Id*. at ¶ 24.

On November 15, 2018, several days before responding to Plaintiff's reasonable accommodation request, Defendants amended their "No Pet" policy and sent notice to all tenants that the fine for violations was being increased to $200.00 per tenant. *Id*. at ¶ 26. On November 27, 2018, Defendants informed Plaintiff for the first time that they would not process her reasonable accommodation request unless she mailed them paper copies of her request and doctor's note. *Id*. at ¶ 28. Plaintiff delivered the requested paper copies to Defendants on December 6, 2018. *Id*. at ¶ 30.

On December 12, 2018, Defendants denied Plaintiff's request for a reasonable accommodation. *Id*. at ¶ 31. Explaining their rationale for the denial, Defendants stated: "We are sorry to inform you that we do not accept accommodation requests for a mental disability from a medical doctor (MD). Therefore you (sic) request for an accommodation for an ESA has been denied." *Id*. at ¶ 32. Defendants also informed Plaintiff of their reasonable accommodation

policy, which required an additional deposit of $2,500 to grant a reasonable accommodation for a support animal. *Id*. at ¶ 33.

Following the denial of her reasonable accommodation request, Plaintiff contacted the Fair Housing Center of Washington ("Fair Housing Center"). *Id*. at ¶ 35. On January 15, 2019, the Fair Housing Center sent a written reasonable accommodation request to Defendants on Plaintiff's behalf. *Id*. at ¶ 36. Defendants never responded to the Fair Housing Center's reasonable accommodation request. *Id*. at ¶ 37.

On March 6, 2019, Plaintiff informed her landlord of a leak in her unit which required a maintenance fix. *Id*. at ¶ 38. Defendants Doug and Ronda Boe arrived at Plaintiff's unit to address the leak. *Id*. at ¶ 39. Plaintiff alleges that, when Defendants arrived, they began video recording Plaintiff and her roommate with a cellphone, which was held by Defendant Ronda Boe. *Id*. at ¶ 41. Defendants Doug and Ronda Boe did not inform Plaintiff that they were recording her when they when they entered her unit, nor did they ask Plaintiff or her roommate for their consent to record them. *Id*. at ¶¶ 42, 44. Before departing the unit, however, Defendants announced that they had been recording the visit. *Id*. at ¶ 49. Plaintiff notes that Defendants do not have a policy of recording tenants when performing maintenance in rental units and Plaintiff is not aware of

Defendants ever recording any maintenance projects or interactions with Plaintiff prior to this occasion. *Id*. at ¶ 45.

Thereafter, Plaintiff initiated this lawsuit against Defendants under the FHA and the WPA. Plaintiff seeks temporary and permanent injunctive relief, as well as actual and punitive damages. ECF No. 1 at 10.

## DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of relief showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). And, notwithstanding Rule 8(a)(2), the Supreme Court has specified that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancements" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). Thus, while "detailed factual allegations"

are not required, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).

In her Complaint, Plaintiff asserts the following four claims against Defendants:

(1) Defendants violated section 3604(f)(2) and (f)(3)(B) of the FHA by denying Plaintiff's request for a reasonable accommodation;

(2) Defendants violated section 3604(f)(2) of the FHA by discriminating against Plaintiff;

(3) Defendants violated section 3617 of the FHA by retaliating against Plaintiff; and

(4) Defendants violated the WPA by recording Plaintiff in her apartment without her consent.

ECF No. 1 at 9-10. In the instant motion to dismiss, Defendants move the Court to dismiss all four counts against them for failure to state a claim. ECF No. 18 at 7-8. For reasons discussed below, the Court declines Defendants' request to dismiss Plaintiff's claims at this stage of the litigation.

**B. FHA Claims**

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [that person]." 42 U.S.C. § 3604(f)(2)(A). Prohibited discrimination includes "a

refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204(a). The FHA also renders it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised and enjoyed . . . any right granted or protected by [the Act]." 42 U.S.C. § 3617. As noted, Plaintiff asserts three claims under the FHA: (1) failure to make reasonable accommodation, (2) discrimination, and (3) retaliation in violation of 42 U.S.C. § 3617.

For purposes of the pending motion to dismiss, it is important to note that the threshold for pleading discrimination claims under the FHA is low. In the Ninth Circuit, the standards for pleading discrimination claims are no higher than the relaxed notice pleading standard of Rule 8(a), i.e., a "short and plain statement of the claim showing that the pleader is entitled to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) (applying Rule 8(a)'s liberal pleading standard to FHA claims and noting that this standard "contains 'a powerful presumption against rejecting pleadings for failure to state a claim'" (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985))). Thus, "[r]ather than adduce a prima

facie claim in the complaint itself—before discovery, often necessary to uncover a trail of evidence regarding the defendants' intent in undertaking allegedly discriminatory action, has taken place—a plaintiff need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Edwards*, 356 F.3d at 1061-62 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). This follows because the prima facie case is "an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510. While failure to adduce it may result in a later loss at summary judgment, the failure to plead it does not necessarily support dismissal at the outset. Accordingly, Plaintiff's FHA claims need only satisfy the Rule 8(a) notice pleading standard to survive Defendants' Rule 12(b)(6) dismissal.

### 1. Reasonable Accommodation Claim

First, Plaintiff alleges that "[t]he failure and refusal of Defendants to allow Plaintiff the use of an emotional support animal, and Defendants' explicit denials of Plaintiff's reasonable accommodation requests, constitutes a refusal to accommodate Plaintiff, in violation of 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B)." ECF No. 1 at ¶ 57. As the parties note, to prove a reasonable accommodation claim, a plaintiff must show that (1) she suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) defendants knew or should reasonable be expected to know of the handicap; (3) accommodation of the handicap may be necessary to afford the

handicapped person an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) defendants refused to make the requested accommodation. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Here, Defendants assert that Plaintiff fails to adequately plead the first and second elements of her reasonable accommodation claim. Regarding the first element, Defendants maintain that Plaintiff has not established that she suffers from a handicap because her Complaint "does not specify the type of mental disability she has, nor does it provide any explanation as to how the disability affects Plaintiff's major life activities." ECF No. 5 at 12-13. As for the second element, Defendants argue that Plaintiff fails to adequately plead that Defendants "knew or should have known that she had a FHA qualifying handicap" when her Complaint merely establishes that "Defendants were provided only conclusory statements that Plaintiff had a disability or a 'psychiatric condition.'" ECF Nos. 7 at 5; 5 at 17.

Applying the proper Rule 8(a) standard, the Court concludes that Plaintiff's reasonable accommodation allegations are sufficient to survive Defendants' motion to dismiss. Beginning with Defendants' first argument for dismissal, the FHA defines a "handicapped" person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life

activities," as well as someone who is "regarded as having such an impairment." 42 U.S.C. § 3602(h)(1), (3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b). Although Plaintiff has not specified her precise diagnosis in the Complaint, she has established that she "is a person with a disability within the meaning of § 802(h) of the [FHA], 42 U.S.C. § 3602(h)," her disability relates to "her psychiatric condition," and her treating physician confirmed in writing that Plaintiff is an individual with a disability and an emotional support animal is "necessary to afford [Plaintiff] the opportunity to live independently, and to use and enjoy her dwelling fully." ECF No. 1 at ¶¶ 15, 19, 24. In light of the liberal pleading requirements of the FHA, the allegations contained in Plaintiff's Complaint are sufficient to form the basis of a reasonable accommodation claim.

Moreover, as Plaintiff notes, neither the FHA nor its implementing regulations require an individual making a reasonable accommodation request to disclose detailed information concerning the nature of their disability. ECF No. 6 at 7-9. In her Complaint and rely brief, Plaintiff cites a Joint Statement of HUD and the Department of Justice which states that "[a] housing provider may not ordinarily inquire as to the nature and severity of an individual's disability." *See* ECF No. 6 at 7-8. Though Defendants argue the Joint Statement is not entitled to

any deference, the Court disagrees. ECF No. 7 at 3-5. Consistent with Ninth Circuit precedent, the Court grants HUD's interpretation of the FHA considerable and substantial deference. *See Plaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 747 (9th Cir. 1996) ("[HUD's] interpretation of the FHA 'ordinarily commands considerable deference' because 'HUD [is] the federal agency primarily assigned to implement and administer Title VII.'").

Turning to Defendants' alternative argument for dismissal, Defendants assert that Plaintiff's reasonable accommodation claim should be dismissed for failure to allege Defendants' awareness of the handicap. ECF No. 5 at 15-17. The Court finds this argument unpersuasive. Plaintiff's Complaint establishes that she informed Defendants of her need for a reasonable accommodation—specifically, an emotional support animal—related to her "psychiatric condition" on at least five separate occasions between September 21, 2018 and December 6, 2018. *See* ECF No. 1 at ¶¶ 15, 17, 19, 22, 30. While Plaintiff did not elaborate further on the nature of her "psychiatric condition," she was not required to do so to trigger FHA protection. Accordingly, based on the facts presented in Plaintiff's Complaint, Defendants could reasonably be expected to know that Plaintiff was handicapped and was requesting disability accommodations.

In sum, on a fair reading of the Complaint, Plaintiff has adequately put Defendants on notice that she believes Defendants unlawfully denied her

1 reasonable accommodation request in violation of the FHA. Therefore, the
2 Complaint adequately sets forth the gravamen of Plaintiff's reasonable
3 accommodation claim, and it is enough to survive a Rule 12(b)(6) dismissal here.

**2. Discrimination Claim**

Next, Plaintiff asserts that "[t]he failure and refusal of Defendants to allow Plaintiff the full use and enjoyment of her dwelling because she is a person with disabilities requiring an emotional support animal, discriminates against her in the terms, conditions, or privileges of sale or rental or in the provision of services or facilities in connection with her dwelling because of her disabilities, in violation of 42 U.S.C. § 3604(f)(2)." ECF No. 1 at ¶ 58. Defendants again argue that this claim should be dismissed for failure to adequately allege a handicap.

Under the FHA, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . a person residing in or intending to reside in that dwelling." 42 U.S.C. § 3604(f)(2); 24 C.F.R. § 100.70(b). The FHA provides for a private civil action by an injured person to obtain relief from "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613. The Ninth Circuit applies a Title VII discrimination analysis in FHA claims; accordingly, "a plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or

disparate impact." *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997) (internal citations removed).

To bring a disparate treatment claim against a landlord, a "plaintiff must establish that the defendant had a discriminatory intent or motive for taking a [housing]-related action." *See Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (internal quotation marks omitted). A discriminatory motive may be established by the landlord's informal decision-making or by a formal, facially discriminatory policy; however, "'liability depends on whether the protected trait . . . actually motivated'" the landlord's decision. *Id.* (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

Plaintiff's FHA discrimination claim suggests a theory of disparate treatment based on her disability rather than disparate impact of outwardly neutral practices. *See Plaff*, 88 F.3d at 745 (describing elements of disparate impact theory under the FHA). Plaintiff alleges that "Defendants have a facially discriminatory policy that targets and discriminates against tenants who make reasonable accommodation requests by charging them $2,500 to grant the request." ECF Nos. 6 at 11; 1 at ¶¶ 33-34. And, as Plaintiff further notes, "to be facially discriminatory, a policy must 'explicitly classif[y] or distinguish[] among persons by reference to criteria . . . which have been determined improper bases for differentiation." ECF No. 6 at 11.

Plaintiff maintains that "Defendants' support-animal-pet-deposit policy is unlawful and a direct violation of the Fair Housing Act." ECF No. 1 at ¶ 34.

The Court finds that Plaintiff's Complaint gives Defendants fair notice of her FHA discrimination claim and the grounds upon which it rests. Plaintiff has alleged sufficient facts supporting a nexus between her disability and the discriminatory action taken toward her by the moving defendants—i.e., Defendants' imposition of the $2,500 reasonable accommodation fee. Defendants arguments for dismissal demand more than fair notice of Plaintiff's discrimination claim. Thus, Plaintiff has adequately pled a claim for discrimination under the FHA and dismissal is therefore not appropriate on this claim.

### 3. Retaliation Claim

Finally, Plaintiff alleges a claim of retaliation under section 3617 of the FHA. ECF No. 1 at ¶ 59. Plaintiff's theory appears to be that, because she filed complaints against Defendants based on their refusal of her reasonable accommodation request, Defendants retaliated against her by engaging in both discriminatory housing practices and harassment. Here, Defendants again argue that Plaintiff's retaliation claim is ripe for dismissal because Plaintiff fails to adequately allege a "handicap/disability." ECF No. 5 at 15 (arguing that Plaintiff's "Complaint falls drastically short of properly alleging a handicap which is a prerequisite to all her claims under the FHA.").

Pursuant to section 3617 of the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised and enjoyed . . . any right granted or protected by [the Act]." 42 U.S.C. § 3617. Section 3617 "has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws." *Id*. at 1129. To make out a prima facie case of retaliation under the FHA, a plaintiff must establish that (1) she engaged in a protected activity; (2) defendants subjected her to an adverse housing action; and (3) a causal link exists between the protected activity and the adverse action. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001). A "protected activity" must relate to the exercise of an individual's housing rights "granted or protected by section 3603, 3604, 3605, or 3606" of the FHA. 42 U.S.C. § 3617. Examples of protected activities include filing a formal HUD complaint, requesting a reasonable accommodation for disability under section 3604 of the FHA, and filing informal complaints to property management regarding disability accommodations.

Here, Plaintiff's retaliation claim is premised on the protected activity of requesting a reasonable accommodation for her disability pursuant to section 3604(f) of the FHA. Plaintiff alleges that "Defendants tried to coerce, intimidate, threaten, and interfere with her because she made a reasonable accommodation

request." ECF No. 6 at 14.  In her Complaint, Plaintiff describes specific adverse actions taken by Defendants, which include amending their "No Pet" policy and increasing the fine for violations of the policy from $100 to $200 per tenant, requiring a deposit of $2,500 to grant a reasonable accommodation for a support animal, and filming Plaintiff in her apartment without her consent "because she asserted her rights under the Fair Housing Act and made a complaint against them for housing discrimination and retaliation."  ECF No. 1 at ¶¶ 22, 26, 33, 38-50.

The Court finds that Plaintiff has adequately pled a claim for retaliation under the FHA.  Plaintiff has alleged that (1) she engaged in a protected activity by requesting reasonable accommodation for her disability, (2) Defendants subjected her to various adverse actions, and (3) those adverse actions were casually linked to her reasonable accommodation request.  Therefore, Defendants have not shown that they are entitled to dismissal on Plaintiff's retaliation claim.  Moreover, as discussed above, Plaintiff is not required to affirmatively prove the nature of her disability to survive dismissal of her retaliation claim, contrary to Defendants' contentions.

In sum, given the broad remedial scope of the FHA and the liberal pleading requirements for housing discrimination claims, Plaintiff has stated a claim upon which relief can be granted under sections 3604 and 3617 of the FHA for purposes

of a Rule 12(b)(6) motion. Accordingly, the Court denies Defendants' motion to dismiss insofar as it relates to Plaintiff's FHA claims. ECF No. 5 at 1.

The Court also denies Defendants' motion as it relates to Plaintiff's state law WPA claim, as Defendants' only argument for dismissal of the WPA claim hinges on the Court's dismissal of Plaintiff's FHA claims. *Id*. ("If the Court grants the Motion, the Court should also dismiss Plaintiff's state law claim under the [WPA] as that claim's only jurisdictional basis is supplemental jurisdiction under 28 U.S.C. § 1367.").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 5) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 11, 2019.



THOMAS O. RICE
Chief United States District Judge