UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH ADAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>BOE INVESTMENTS LLC, d/b/a NORTH RIDGE APARTMENTS, a Washington Limited Liability Company, and DOUG BOE and RONDA BOE, a married couple,<br><br>        Defendants. | NO. 1:19-CV-3048-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER |

BEFORE THE COURT is Defendants' Motion to Reconsider Denial of Rule 12(b)(6) Motion to Dismiss. ECF No. 12. This matter was heard without oral argument and on an expedited basis. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

Defendants contend the court erred in applying outdated and overruled more lenient pleading standards in deciding the Defendants' motion to dismiss. "Under

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER ~ 1

the applicable pleading standards, Plaintiffs Complaint fails to state FHA claims upon which relief can be granted because an FHA-qualifying handicap has not been alleged and therefore Plaintiffs Complaint should be dismissed." ECF No. 12 at 4. Defendants contend that Plaintiff's claim is not plausibly pled because she offered nothing but conclusory allegations of an FHA handicap. They assert, "Plaintiff cited no post-Twombly and Iqbal cases for the proposition that the allegations of her complaint were adequate. Nowhere did she plead facts sufficient to show how the alleged FHA handicap substantially limited a major life activity." ECF No. 12 at 8.

## FACTS

As the Court previously observed, the following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the instant motion only. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). On September 21, 2018, Plaintiff informed Defendants of her need for a reasonable accommodation for an emotional support animal. ECF No. 1 at ¶ 16. Defendant Doug Boe allegedly stated that he did not want dogs on the property so he would "fight [Plaintiff] every step of the way on it." *Id*.

On October 2, 2018, Plaintiff sent Defendants a follow-up email, reiterating her need for an emotional support animal and requesting information about the requirements for obtaining a reasonable accommodation. Id. at ¶ 17. In response

to Plaintiff's email, Defendants inquired into the nature of Plaintiff's disability and specifically asked Plaintiff to clarify whether "you are now saying you are mentally disabled or are you saying you are physically disabled?" *Id*. at ¶ 18. Plaintiff explained in writing that she was requesting an emotional support animal related to her psychiatric condition. *Id*. at ¶ 19. At some point thereafter, Defendants informed Plaintiff that she was required to provide a letter from a "Licensed Mental Health Provider (LMHP) or Licensed Psychologist (PY)." *Id*. at ¶ 20. Defendants also demanded that Plaintiff allow them to directly contact her healthcare providers to further inquire into her medical history, and allegedly retaliated against Plaintiff by threatening her with a "$100 fine for every instance I find a pet" at the property. *Id*. at ¶¶ 21-22.

On November 13, 2018, Plaintiff submitted a formal, written reasonable accommodation request to Defendants, which stated that Plaintiff was a person with a disability who requires an emotional support animal. *Id*. at ¶ 23. Plaintiff also provided a signed letter from her treating physician, which stated that she is an individual with a disability and an emotional support animal was "necessary to afford [Plaintiff] the opportunity to live independently, and to use and enjoy her dwelling fully." *Id*. at ¶ 24.

//

//

## DISCUSSION

The Court has discretion to reconsider under either: (1) Fed. R. Civ. P. 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the right and liabilities of fewer than all the parties . . . before the entry of a judgment . . ."; or (2) the Court's inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction . . . ." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

As the Court previously stated, notwithstanding Rule 8(a)(2), the Supreme Court has specified that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancements" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). Thus, while "detailed factual allegations" are not required, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).

Applying the proper Rule 8(a) standard, through the lens of *Iqbal* and *Twombly*, the Court concludes that Plaintiff's reasonable accommodation allegations are sufficient to survive Defendants' motion to dismiss. Although

Plaintiff has not specified her precise diagnosis in the Complaint, she has established that she "is a person with a disability within the meaning of § 802(h) of the [FHA], 42 U.S.C. § 3602(h)," her disability relates to "her psychiatric condition," and her treating physician confirmed in writing that Plaintiff is an individual with a disability and an emotional support animal is "necessary to afford [Plaintiff] the opportunity to live independently, and to use and enjoy her dwelling fully."  ECF No. 1 at ¶¶ 15, 19, 24.  The allegations contained in Plaintiff's Complaint are sufficient to form the basis of a plausible reasonable accommodation claim.

The Court was fully cognizant of the *Iqbal* and *Twombly* standard when it applied their holding to these detailed factual allegations in Plaintiff's Complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Reconsider Denial of Rule 12(b)(6) Motion to Dismiss, ECF No. 12, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** August 9, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER ~ 5