UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH ADAMS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BOE INVESTMENTS, LLC, DOUG BOE and RONDA BOE,<br><br>　　　　　　　Defendants. | NO: 1:19-CV-3048-TOR<br><br>ORDER GRANTING PROTECTIVE ORDER |

BEFORE THE COURT are the parties' disputes concerning the proper scope of discovery. According to this Court's preference that discovery disputes be handled promptly and in a cost-effective manner, the Court had the parties submit letters as to their positions (filed at ECF Nos. 20, 21) and the Court held a telephonic discovery conference on October 7, 2019. The Court has reviewed the letters, the record and files herein, heard from counsel and is fully informed.

This case concerns the Plaintiff's request for an emotional support animal as a reasonable accommodation under the Fair Housing Act, 42 U.S.C. § 3604(f)(2).

ORDER GRANTING PROTECTIVE ORDER ~ 1

Defendants seek broad discovery from Plaintiff's treating physician and two universities she attended. Plaintiff objects. Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). It must also be remembered that these rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

State and federal privacy laws prevent healthcare providers from disclosing privacy protected information about a patient absent court order or full consent of the patient. Typically, a party seeking protected health information for use in litigation is required to comply with the provisions of the statutes and regulations concerning notice and opportunity for objection on the part of the person whose protected health information is being sought. This has now been accomplished in this case.

First, Defendants seek all of Plaintiff's medical records from 2005 to the present. Plaintiff presented a letter from her doctor to the Defendants in order to justify her emotional support animal request. The letter indicates the doctor has treated her since 2005. The Court finds that all medical records are not relevant to the issue in dispute and records from 2005 may not be necessary. The court will require Dr. Michael Stephens to disclose only those records, statements and diagnoses that (1) verify that Plaintiff meets the Fair Housing Act's definition of disability (i.e., has a physical or mental impairment that substantially limits one or more major life activities), (2) describes the needed accommodation, and (3) shows the relationship between Plaintiff's disability and the need for the requested accommodation at the time the request was made September 2018 and thereafter. Because Dr. Stephens and Kaiser Permanente have indicated that they will not apply any redactions for personal or otherwise irrelevant (private) information to the production of documents, the Court will order that the records be submitted to the Court for an *in camera* inspection, possible redaction and a protective order before they are distributed to the Defendants.

Second, Defendants seek a broad range of records from Eastern Washington University and Central Washington University. At this time, the Court cannot find that such broad requests are relevant or proportional to the needs of this case. Such requests are denied and the corresponding subpoenas are quashed.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Plaintiff's request to limit the scope of the subpoena issued to Dr. Michael Stephens/Kaiser Permanente is **GRANTED**.

2. Dr. Michael Stephens/Kaiser Permanente is **ORDERED** to disclose <u>only</u> those records, statements and diagnoses that (1) verify that Plaintiff meets the Fair Housing Act's definition of disability (i.e., has a physical or mental impairment that substantially limits one or more major life activities), (2) describes the needed accommodation, and (3) shows the relationship between Plaintiff's disability and the need for the requested accommodation at the time the request was made September 2018 and thereafter. Within 21 days of service of this order upon them, Dr. Michael Stephens/Kaiser Permanente shall produce said records and place them inside a sealed envelope marked "CONFIDENTIAL for *in camera* inspection," inside another outer envelope addressed to the Court:

> Chambers of Chief Judge Thomas O. Rice
> c/o Clerk of the United States District Court
> Eastern District of Washington
> P.O. Box 1493
> Spokane, WA 99210-1493

3. Plaintiff's counsel shall promptly serve or deliver this Order to Dr. Michael Stephens/Kaiser Permanente and confirm said service to Defendants counsel.

4. The Plaintiff's request to quash the subpoenas issued to Eastern Washington University and Central Washington University is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED this October 10, 2019.



THOMAS O. RICE
Chief United States District Judge